**Electronically Filed
Supreme Court
SCPW-25-0000035
19-FEB-2025
10:45 AM
Dkt. 8 ODDP**

SCPW-25-0000035

IN THE SUPREME COURT OF THE STATE OF HAWAIʻI

---

IN RE SHEENA KEKONA-CRAMER

---

ORIGINAL PROCEEDING

ORDER DENYING PETITION FOR WRIT OF MANDAMUS
(By: Recktenwald, C.J., McKenna, Eddins, Ginoza, and Devens, JJ.)

On January 21, 2025, Petitioner Sheena Kekona-Cramer submitted letters to court, which were filed as a petition for writ of mandamus, seeking review of the Hawaiʻi Paroling Authority's (HPA) decision to deny parole (petition). Petitioner claimed the reason the HPA denied her parole was because it did not believe she was ready for release. Petitioner further claimed the denial of parole was a form of punishment.

We decline to entertain the petition. See Hawaiʻi Rules of Appellate Procedure, Rule 21(c) (eff. 2010).

In general, mandamus relief is not available where the petitioner has alternative means to obtain the requested relief.

See Womble Bond Dickinson (US) LLP v. Kim, 153 Hawaiʻi 307, 319, 537 P.3d 1154, 1166 (2023) (providing that a petition for mandamus relief must establish a clear and indisputable right to the relief requested and a lack of other means to redress adequately the alleged wrong or to obtain the requested action.).

Here, Petitioner has alternative means to seek the requested relief. First, Petitioner may seek relief directly from the HPA. Hawaiʻi Revised Statutes § 706-670(4) (2014 & Supp. 2022) provides, in pertinent part, for the HPA in its discretion to order a reconsideration or rehearing of a case at any time. We note that Petitioner claims she has already attempted to seek reconsideration from the HPA. However, Petitioner may also seek review of a HPA decision to deny parole by filing a petition for relief under Rule 40 of the Hawaiʻi Rules of Penal Procedure (HRPP) in the Second Circuit Court. See Williamson v. Hawaiʻi Paroling Auth., 97 Hawaiʻi 183, 194, 35 P.3d 210, 221 (2001). In evaluating a HRPP Rule 40 petition seeking relief directed to the HPA, "judicial intervention is appropriate where the HPA has failed to exercise any discretion at all, acted arbitrarily and capriciously so as to give rise to a due process violation, or otherwise violated the prisoner's constitutional rights." Id. at 195, 35 P.3d at 222; see also Rapozo v. State, 150 Hawaiʻi 66, 84, 497 P.3d 81, 99 (2021).

2

For the reasons stated, we decline to entertain the petition.  The petition for a writ of mandamus is denied without prejudice.  The clerk of the appellate court shall process the petition without payment of the filing fee.

DATED:  Honolulu, Hawaiʻi, February 19, 2025.

/s/ Mark E. Recktenwald

/s/ Sabrina S. McKenna

/s/ Todd W. Eddins

/s/ Lisa M. Ginoza

/s/ Vladimir P. Devens

